ANA RIVERA, SURVIVING SPOUSE AND HEIR OF JOSE A. RIVERA, DECEASED, AND GUARDIAN AD LITEM OF ALBERTO RIVERA, A MINOR, PLAINTIFF-APPELLANT, v. WESTINGHOUSE ELEVATOR COMPANY, DEFENDANT-RESPONDENT.

Argued May 4, 1987—Decided June 17, 1987.

*Robert B. Woodruff* argued the cause for appellant (*Rand, Algeier, Tosti, Woodruff & Frieze,* attorneys; *John F. McDonnell,* on the briefs).

*Mary Adele Hornish* argued the cause for respondent (*Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski,* attorneys).

PER CURIAM.

In this case, plaintiff's husband, Jose Rivera, had been employed as a maintenance worker at City Federal Savings and Loan in Elizabeth. On January 19, 1981, Rivera was part of a work crew that was assembled to move a bulky, eight-foot-long conference table from the second floor of City Federal's Elizabeth building to a location on another floor. As they had done in the past, the crew used the top of the elevator for this task, controlling the movement of the elevator manually through a control box. On this occasion, it was not realized by the workers that the control box had been left in its automatic rather than manual operating mode. Rivera was on top of the elevator when apparently somebody on a higher floor automatically activated it. The elevator shot up and Rivera was killed instantly when his head was crushed between the elevator and an overhead beam.

Plaintiff brought this suit against defendant, Westinghouse Elevator Company, which had manufactured and installed the elevator. The complaint contained counts alleging a negligent failure to warn of the dangers of untrained use of the top of the elevator and counts alleging the defective design of the control box and lighting on top of the elevator. The defective design counts were dismissed as time-barred, and the case proceeded on the negligence theory.

At the conclusion of the testimony, the trial court submitted to the jury special interrogatories asking whether defendant had been negligent, whether Rivera had been contributorily negligent, and, if both had been negligent, their relative de-

grees of fault. The trial court instructed the jury to find Rivera negligent if it concluded that he had not acted as a reasonably prudent person under the circumstances. The jury found that defendant, but not Rivera, had been negligent, and assessed damages at $150,000.

Following the denial of its motion for a new trial, defendant appealed. The Appellate Division reversed and remanded for a new trial, holding that the jury verdict was "against the weight of the evidence and constituted a manifest injustice, at least insofar as the allocation of negligence and the attribution of 100% liability to defendant is concerned." 209 *N.J.Super.* 543, 549 (1986).

On the contributory negligence issue, the Appellate Division assumed, as did the trial court, that the applicable legal standard was contributory negligence in the ordinary sense—that arising from mere carelessness or inadvertence. Premised upon this standard of care, the decision of the Appellate Division ordering a new trial was correct. Accordingly, we affirm the judgment of the Appellate Division substantially for the reasons expressed in its opinion, namely, that the failure to allocate any degree of fault to the decedent is against the weight of the evidence and constitutes a miscarriage of justice under the law.

There remains, however, some confusion in this case about whether the defense of contributory negligence is applicable and, if so, what duty or standard of care constitutes such contributory negligence. This confusion is engendered, in part, by a footnote contained in the opinion of the Appellate Division. This footnote, added to guide the trial court in the retrial of this matter, stated:

> In *Green v. Sterling Extruder Corp.*, 95 *N.J.* 263 (1984), the Supreme Court extended to an action in negligence the principle applicable to a claim in strict liability, that when a factory worker is injured while using an unsafe machine for its intended purpose, the manufacturer must be deprived of a contributory negligence defense. *Id.* at 271 . *See Suter v. San Angelo Foundry & Mach. Co.*, 81 *N.J.* 150 (1979); *Cepeda v. Cumberland Eng'g Co., Inc.*, 76 *N.J.* 152

(1978). In this case, however, Rivera was not utilizing the equipment for its intended purpose and therefore the defense was proper.

[209 *N.J.Super.* at 549 n. 1.]

We infer from this comment that the court below was ruling that the defense of contributory negligence is available in this case because the court believed that defendant had used the product in an unintended manner. The Appellate Division apparently felt, on the strength of *Green v. Sterling Extruder Corp.*, 95 *N.J.* 263 (1984), that the contributory negligence defense would be unavailable if the use of the product was its intended use.

The Appellate Division has placed improper emphasis upon the relevance of the intended or unintended use of the product in terms of whether a defense involving contributory negligence or plaintiff's fault may be raised. Generally, the unintended use of a product will not, as a matter of law, constitute a defense against a strict products liability claim based upon design defect. *Brown v. U.S. Stove Company*, 98 *N.J.* 155 (1984). Liability may attach even as to an unintended use of the product if that use is otherwise foreseeable. *Id.* at 166. Whether, in a given case, the unintended use of a product constitutes contributory negligence would, it seems, be a question of fact rather than a matter of law. *Id.* at 166–68. Thus, the availability of a defense based on contributory negligence or plaintiff's fault does not turn on whether the product was used for its intended purpose.

We are uncertain about whether the Appellate Division would have ruled that the defense of contributory negligence in its ordinary sense is applicable had the court not considered the asserted unintended use of the product to be a relevant or even determinative factor. In certain settings involving accidental injuries at the workplace attributable to a defective product, contributory negligence in its ordinary sense is not available. *Suter v. San Angelo Foundry & Mach. Co.*, 81 *N.J.* 150, 158 (1979); *Bexiga v. Havir Mfg. Corp.*, 60 *N.J.* 402 (1972). The duty that measures plaintiff's fault in such a setting would

involve misconduct more egregious than a lack of reasonable care under the circumstances. *See Suter v. San Angelo Foundry & Mach. Co., supra*, 81 *N.J.* at 168 n. 6; *Cepeda v. Cumberland Eng'g Co.*, 76 *N.J.* 152, 185 (1978).

However, the courts below apparently believed that contributory negligence was available—albeit for the reason that the product was being put to an unintended use—and that the applicable duty was that based upon principles of ordinary negligence. We have held that in a workplace accident case based on negligence in the manufacture or distribution of a defective or unsafe product, the defense of contributory negligence is available *vel non* to the same extent as in a case that is based on principles of strict products liability. *Green v. Sterling Extruder Corp., supra*, 95 *N.J.* 263.

It may also be noted that such cases dealing with the defense of contributory negligence or plaintiff's fault have generally considered the defense in the context of a factory or industrial workplace setting. *E.g., Green v. Sterling Extruder Corp., supra*, 95 *N.J.* 263; *Suter v. San Angelo Foundry & Mach. Co., supra*, 81 *N.J.* 150; *Cepeda v. Cumberland Eng'g Co., supra*, 76 *N.J.* 152. It has not been argued that the availability of the defense or the duty-of-care standard applied in these cases should be modified in this case because, arguably, Rivera's accident occurred in a non-factory situation. *See Suter v. San Angelo Foundry & Mach. Co., supra*, 81 *N.J.* 178 (Clifford, J. concurring) (in *any* case involving a defective product, the standard of contributory negligence should be voluntary and unreasonable assumption of a known risk).

We believe that the issues as to the availability in this case of the defense of contributory negligence or plaintiff's fault and the proper standard of care that constitutes such contributory negligence or fault have not been fully or completely presented and must be addressed in the first instance by the trial court. We cannot, on the record before us, suitably consider and resolve these issues.

For the reasons given, the judgment below is modified and as modified affirmed.

*For modification and affirmance* —Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, O'HERN, GARIBALDI and STEIN—6.

*Opposed* —None.